UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lonnie Ray Patterson, <br> a/k/a Lonnie R. Patterson, <br><br> Plaintiff, <br><br> v. <br><br> United States of America; <br> Springfild Prison; <br> Just Care; and <br> Monetta, <br><br> Defendants. | C/A No. 6:09-642-MBS-WMC <br><br> **REPORT** <br> **AND** <br> **RECOMMENDATION** |

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a

claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

The court may dismiss a claim as "factually frivolous" under § 1915(e) if the facts alleged are clearly baseless. *Denton*, 504 U.S. at 31. In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. *Id.*

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## **Background**

This case was filed *pro se* on March 17, 2009, by Lonnie Ray Patterson (Plaintiff), who is a patient of Just Care, also known as the Columbia Care Center. Plaintiff's initial pleading was submitted on a form which is normally used by prisoners in state custody who are seeking relief under 28 U.S.C. § 2254. (Docket Entry No. 1). However, as Plaintiff failed to seek

habeas relief in the pleading, his case was liberally construed as a civil rights action. Plaintiff's initial pleading did not contain his signature or seek any type of relief. Plaintiff also failed to provide service documents for the named Defendant, the United States of America. Therefore, following initial review, an Order was issued directing Plaintiff to: (1) provide completed service documents for the Defendant; and (2) submit a signed civil rights complaint form, briefly stating the facts of Plaintiff's claim against the Defendant in the "statement of claims"section, and the type of relief requested. (Docket Entry No. 7).

On March 26, 2009, Plaintiff submitted partial service documents and the requested complaint form. (Docket Entry No. 10). However, the service documents were incomplete and the complaint form was again submitted without the Plaintiff's signature. Thus, a second Order, directing Plaintiff to bring the instant case into proper form was issued on April 6, 2006. (Docket Entry No. 13). On April 15, 2009, Plaintiff complied with the second proper form Order by submitting a signed copy of the signature page of the complaint.[1]

Plaintiff's initial pleading indicated that he had been transferred from Springfield, Missouri, to Just Care in Columbia, South Carolina. Plaintiff had apparently moved to Monetta, South Carolina, but was returned to Just Care for Plaintiff's failure to take medications and failure to complete job assignments. However, Plaintiff claims that he was not wilfully noncompliant regarding his medications and job performance. Instead, Plaintiff states no medications were provided for him in Monetta. Further, Plaintiff indicates that he

---

[1] Plaintiff's complaint form, submitted unsigned on March 26, 2009, added the following Defendants to the action: Springfild Prison; Just Care; and Monetta. These Defendants have been added to the caption of the case pursuant to an Order filed simultaneously with this Report and Recommendation.

performed his job, sweeping the halls, but became confused and swept other areas as well. As indicated above, Plaintiff's initial pleading requested no form of relief.

Plaintiff's complaint, submitted in response to the proper form Orders, indicates that Plaintiff was released from Just Care to a boarding house in Monetta, South Carolina. Plaintiff states he was doing well in the boarding house and being compliant with "the outside doctor," when everyone "started acting rude." Plaintiff claims, "I was just off my med." The complaint's relief section indicates that Plaintiff comes from a poor family. Thus, it appears Plaintiff is seeking monetary damages for the Defendants' actions.

## **Discussion**

Plaintiff is bringing suit against the United States of America, the Springfild Prison, Just Care, and Monetta. As such, his constitutional claims are evaluated under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971).[2] A *Bivens* claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983, therefore, caselaw involving § 1983 claims is applicable in *Bivens* actions, and vice versa. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814-820, n. 30 (1982). *See also Farmer v. Brennan*, 511 U.S. 825 (1994); *Bolin v. Story*, 225 F.3d 1234, 1241-1242 (11th Cir. 2000); *Campbell v. Civil Air Patrol*, 131 F. Supp. 2d 1303, 1310, n. 8 (M.D. Ala. 2001)("the court shall refer interchangeably to cases" decided under both § 1983 and *Bivens*.)

---

[2] "*Bivens*" is the case establishing, as a general proposition, that victims of a constitutional violation perpetuated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits." *Carlson v. Green*, 446 U.S. 14,18 (1980). *See also Holly v. Scott*, 434 F.3d 287, 289 (4th Cir. 2006).

4

A legal action under § 1983 and/or *Bivens* allows "a party who has been deprived of a federal right under the color of state [or federal] law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983 or *Bivens*, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state [or federal] law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff claims that he was wrongly accused of being non-compliant regarding his performance of job assignments and taking of medications by the boarding house in Monetta, South Carolina. These alleged false accusations apparently resulted in Plaintiff being returned to Just Care for treatment. However, even liberally construed, Plaintiff's allegations fail to indicate how any of the Defendants may have violated Plaintiff's rights under the Constitution or laws of the United States.

The complaint's general statements regarding Plaintiff being falsely accused of non-compliance by the Monetta boarding house fail to state a claim under § 1983 and/or *Bivens*. Although the Court must liberally construe the *pro se* complaint, Plaintiff must do more than make mere conclusory statements to state a claim. *Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995); *Adams v. Rice*, 40 F.3d 72, 74-75 (4th Cir. 1994); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (complaint dismissed because "failed to contain any factual allegations tending to support his bare assertion"). While Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the complaint, he must allege facts that support a claim for relief. *Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003). This Court is not required to develop tangential claims from scant assertions in the complaint. *See Beaudett v. City of*

*Hampton*, 775 F.2d 1274 (4th Cir. 1985). As Plaintiff's complaint fails to state a claim upon which relief may be granted under § 1983 and/or *Bivens*, it should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## **Recommendation**

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

                                                                          s/William M. Catoe
                                                                          United States Magistrate Judge

April 30, 2009
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).